# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| ROBERT MCGUIRE,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et. al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:23-CV-00165-ART-CLB<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION AND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF Nos. 12, 13] |

Before the Court is Plaintiff Robert McGuire's ("McGuire") motion for class certification, (ECF No. 12), and motion for appointment of counsel, (ECF No. 13). For the reasons discussed below, the motions, (ECF Nos. 12, 13), are denied.

McGuire's motions ask that the Court reconsider a prior order denying class certification and appoint counsel to represent the class. (ECF Nos. 12, 13.) Specifically, McGuire requests class action certification for all inmates housed in Unit 5 A/B at ESP in August 2020 and all inmates transferred from Unit 5 A/B to Unit 3 A/B at HDSP. As the Court previously explained, *pro se* litigants have the right to plead and conduct their own cases personally. *See* 28 U.S.C. § 1654. However, *pro se* litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Thus, to pursue their claims, each plaintiff will need to initiate their own lawsuits by filing individual applications to proceed *in forma pauperis* and individual complaints with the Clerk of the Court.

McGuire has presented no evidence that other plaintiffs have initiated lawsuits with the same allegations as the Court previously directed. Thus, McGuire's motion for class certification is premature. Similarly, a request for class counsel is premature as there is no class at this juncture.

///

Accordingly, McGuire's motions for class certification, (ECF No. 12), and for appointment of counsel, (ECF No. 13), are **DENIED**.

**IT IS SO ORDERED.**

DATED: February 6, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**