Robert S. McGuire #83383
H.D.S.P.
P.O. Box 650
Indian Springs, NV. 89070

United States District Court
District of Nevada

Robert McGuire
        Plaintiff

        Vs.

Nevada Department
of Corrections, et al.
        Defendants

Case No. 3:23-cv-00165-ART-CLB

Plaintiff's Opposition To
Defendants request for
Summary Judgment

Comes Now, Robert S. McGuire, Plaintiff, pro se,
respectfully submits this motion pursuant to
Fed. R. Civ. P. Rule #56. Submitted on this 6th day
of November, 2024. Signed: Robert S. McGuire
                                        Robert S. McGuire #83383

## I. Points And Authorities

A. Plaintiff McGuire filed a 42 U.S.C. § 1983
complaint for a 8th amendment (U.S. Const.)
rights violation And a 14th amendment (U.S. Const.)
rights violation. Plaintiff McGuire's complaint
does have merit, and is backed-up with precedent
caselaw in this circuit, and other circuits. The
facts of this matter are backed-↑ by the required
exhibits, declarations, admissions, interrogatory's, and
possible witness testimony - if this matter must
go to trial.

1

B. Defendant's should have know and did know that their actions violated Plaintiff's U.S. Constitutional rights; were acting under 'color of state Law' while doing so. Defendants are Liable for damages in their individual capacity, and Liable for the requested injunction in their official capacity. Physical injury, or serious injury is not required for punitive damages, or any other damages requested by Plaintiff McGuire.

## II. Disputed Facts

A. Housing And Classification History—

While the Housing history is correct, the case notes depicting 'classifications' is inaccurate. See attached McGuire Declaration As Exhibit A. Plaintiff McGuire would request the digital-recording from the unit 3^A/3 office for the dates And times of Classification Committee hearings from August 2020 thru June 2022— because the casenotes are inaccurate as to McGuire being in attendance for those classification hearings. Defendant's counsel should show this court any/all 'Doc 2020 sc' hearing/committee forms — which would be signed And dated. Plaintiff would request defendant counsel to check digital-recording for the most recent classification hearing Listed on 'Form Doc 2020 SC dated 10/24/24 because case notes imply Plaintiff in attendance— when he was not. Plaintiff was NOT in attendance for any hearing that's Listed on 3^A/B.

2

• Beyond the fact that N.D.O.C. often seems to blatantly Lie in offender case notes about offenders being present for hearings — Plaintiff seems to have confused Defendant's and their counsel — despite his arguments in his request for Summary Judgment. And the fact that Defendant's counsel does Not dispute McGuire's allegations to his 14th amendment claim — which make 'Classification Hearings' a moot issue in this matter. See Defendant's page 2 of their Opposition To Plaintiff's Summary Judgment.

• Plaintiff McGuire would Like to make this argument very clear: McGuire claims a 14th amendment violation due to the fact that he was denied proper due-process to deprive his Liberty. Under this Liberty interest claim — it has zero/nothing to do with 'Housing Classification'. McGuire's legal basis is that he was held in Nearly 24 hour daily Lock-down (in his cell) for a total of 3+ months And deprived of Any/All Outdoor Recreation, then for another 18 months recieved (at most) 2 hours weekly outdoor recreation [See Defendant's Exhibit k]. This was access to the quad yard, and sometimes Plaintiff would be denied that quad yard time for several weeks over the 18 month period.

• Defendant McGuire is claiming that according to Sandin v. Connor - a Liberty interest is created when an inmate experiences 'Atypical And Significant Hardship compared to Ordinary incidents of prison- Life, and that 3 months of NO outdoor Recreation being offered then 18 months of (at most) 2 hours weekly quad outdoor recreation being offered- Creates a Liberty interest that has due process protection. Now the due process is NOT disputed by Defendant's counsel. See page 2 of their opposition to Plaintiff's request for Summary Judgment. As this prong- Plaintiff claims that the ONLY way he may be denied outdoor recreation with proper due-process is by disciplinary sanctions that take his outdoor recreation privelages. Which NEVER happened.

• Plaintiff understands this legal theory may be difficult to grasp-for someone Not in prison- So please bare w/ Plaintiff as he explains, [as provided in Plaintiff's declaration Attatched And Defendant's admissions/interragatorys]:

Ely State Prison has a small outdoor Rec. yard for specific use to use while inmates are segregated And the prison/big-yard is closed for Lock-downs, and emergencys. One inmate at a time can be taken to this outdoor rec. And w/ use of restraints: inmates CAN enjoy outdoor Recreation during emergency Lock-D's And even quarantines.

• High Desert State Prison has cages (Dog Kennels) behind each unit. These cages are used for total Lock-down situations, and segregation units. These cages are apart from the quad yard.

• You see- prisons are built to operate during full-Lock-down situations And tax payers have given this state millions of dollars to build these prisons Like this- because inmates do have a constitutional right to outdoor recreation And getting fresh-air, as it is proven to help inmates with their mental health, and state-of-mind. Defendant's counsel has continued to dance around the fact that Plaintiff made this clear to Defendants in his grievances to them & they personally responded to. (See Attatched Exhibit D). Defendant Johnson And Gittere are well-aware that these "Lock-downs" do Not & should not effect inmates being offered outdoor recreation because the quad yards/big yards are seperate & what's effected by Lock-down. The only way they can deny access to cages & in E.S.P (unit small yards) is to get a write 1 for misuse or bad behavior while in the cages, small yard- Now McGuire And All of unit 3A/B was Never offered cage access, Not during the time period from Aug. 2020 ~~there~~ thru June 2022. No E.S.P. small-yard June+July 2020.

     And beyond that - Defendant's claim quad yard only giving inmates (at most) 2 hours a week outdoor Recreation, H.D.S.P. continued this w/ creation of what's now H.D.S.P. unit 6 A/B.

<u>5</u>

• Unit 6A/B is a close-custody unit that opened at H.D.S.P. January 2023 & still operating today. They are offered (at most) 2 hours quad yard per week. And to create this schedule on a 4 year basis from 3A/B to 6A/B - and not even trying to give inmates outdoor recreation in cages behind units, or building more cages if need be - Administration and defendants have created the bad habit to not even try to use these cages for those unit/prison lock-downs.

• So, Plaintiff does dispute the fact that defendant's counsel claim that Plaintiff didn't/doesn't have a liberty interest, and that he never recieved proper due-process to be deprived of his liberty.

• In Plaintiff's attatched Exhibit J - shows McGuire advised Defendant's of his rights being violated and Defendants kept doing so. Defendant's worked for Nv. Dept. of Corrections and acted under color of state law. So McGuire disputes that Defendants should have 11th Amendment Qualified immunity.

• Defendant's Admissions/Interrogatory attatched as Exhibits B & C outline that: they know inmates should have 5 hours outdoor recreation per week, and that it is needed for staff and inmates mental/physical well-being. Plaintiff disputes that 9th cir. hasn't been outspoken and difinitive w/ caselaw precedent - that inmates need at least 5 hours outdoor recreation weekly.

6

• McGuire disputes Defendant's stating that McGuire fails to show or allege that he has a 8th amend. U.S. Const. violation for cruel & unusual punishment as 9th Cir. Caselaw (used throughout his request for Summary Judgment) does meet even the highest standards as Plaintiff was denied his most basic humane right to have outdoor recreation And access to fresh-air & sunlight. McGuire alleges that this violation was causing him serious injury (psychological) as McGuire has suffered from mental illnesses all his life, and at this time complained of was being treated w/ medication for severe depression, bi-polar, and Plaintiff fell into a serious drug-addiction. Plaintiff does dispute that these injury's aren't enough for punitive damages And injunctive damages.

• McGuire disputes that he doesn't have a legal foundation to request injunctive damages as defendants failed to fix these human right's violations, and that NV. Dept. of Corrections has made it a bad habit ~~to~~ not to give inmates access to at least 5 hours weekly of outdoor recreation, And access to fresh air.

• McGuire disputes the use of Defendant counsel's declarations attached to Defendant's Request For Summary Judgment - Declarations by Drummond And Bean.

They are Not the defendants in this matter, and
the operational procedures attached for H.D.S.P.
at that time did Not even include unit $3^A/B$ as
part of the level-system in that O.P. as unit $3^A/B$:
Now unit $6^A/B$ are closed-custody units, And in
2020 Plaintiff was denied Normal privileges on
Unit $5^A$ during the months of June, July, August
2020. We were being denied normal tier And
small yard Access. See Plaintiff's request for
Summary Judgment Exhibit A, B, C - that proper-
distancing, and almost all covid restrictions
[except mass indoor activities] were allowed for
the State of Nevada And Plaintiff was never
covid positive, or placed on any quarantine
unit.

• Also, Defendant's Counsel use caselaw that
is for the 9th Cir. And they SAY they dispute
Plaintiff's allegations but then they agree that
inmates on almost 24 hr. a day lock-down
are required to have 5 hours of outdoor
Recreation weekly. McGuire only recieved Max.
1 hour out-of-cell daily, recieved less than
hour out more often then Not while on Unit
$3^A/B$. McGuire recieved his G.E.D. ° High School Diploma
in 2018 ° cannot recieve programs, law library
brought requests to his cell, ate in his cell, Hour
out daily is shown on Defendants exhibit H.

8

#20063147001. ONLY grievance # 2006-31-14341 Pertains to ONLY the 8th & 14th violations AS Pertaining to denial of proper outdoor/indoor rec. And that H.D.S.P. continues to deprive of inmates Proper exercise-time.

## III. Legal Arguement:

1. Calvin Johnson & William Gittere are/were acting as wardens/Supervisors And pursuant to Fed.R.Civ.P. Rule #25(d) does NOT abate when sued in their official capacity. See defendants [Bates #000118] Attatched to Supplemental #1 to Request For Summary Judgment, Wardens are responsive to implement ALL types of recreation.

2. Defendants are disqualified for immunity, in the structure of 42 U.S.C. § 1983 defined as saying that any time a person (under color of state law) violates a U.S. citizen's rights secured by the U.S. constitution & Laws -shall be Liable at law, suit in equity-for redress. Anything done to Plaintiff by prison administrator is an "action under state law." Under "Color of State Law" requirement does Not mean that the action has to have been legal under State Law when it violates Plaintiff's known constitutional rights. MONROE V. Pape, 365 U.S. 167 (1961)

3. Suit challenging constitutionality of State official's actions is Not considered to be against the State, even though he is sued in his official capacity.

thus, individual prison official defendants, in a suit by a prison inmate against them, were not protected by the immunity of the 11th amendment in the federal constitution. Buckner v. Nevada, 599 F. Supp. 788, 1984 U.S. Dist. Lexis 21142 (D. Nev. 1984).

4. Prisons must provide prisoners with opprotunities outside of their cells. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996)

9th Circuit has determined that prisoners cannot be deprived of outdoor exercise for long periods of time. Lemaire v. Maass, 12 F.3d (9th Cir. 1993)

9th circuit also determined that 5 hours a week, out-of-cell recreation, is the constitutional minimum. See: Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir. 1979)

5. One of the most important post-sandin due-process decisions holds that prisoners who are already in "close management" status have a liberty interest in not being deprived of their 2 hours a week of yard time because it is the only relief from cell-confinement that these prisoners recieve, its "marginal value is substantial, and deprivation of it is therefor Atypical & Significant, And (Alone) amounts to a liberty interest protected by 14th Amendment due-process rights to deprive inmates of it. See; Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999). Accord; Perkins v. Kansas Dept. of Corrections, 2004 W.L. 825 299, 7-8 (D. Kan. March 29, 2004).

6. Most courts have required 5-7 hours outdoor Rec. per week. Pierce v. County of orange, 526 F.3d 1190, 1212 (9th Cir 2008)

7. Exercise is no longer considered an optional form of recreation, but instead is a necessary requirement for physical & mental well-being. Delaney v. Detella, 256 F.3d 679, 683, (7th Cir 2001)

8. Exhibit B of Plaintiff's motion for summary Judgment Supplemental #1 - shows that outdoor activities (as pertaining to Government protocol) was acceptable & Not part of any government emergency declarations after May 9, 2020.

9. One court has suggested that "Any treatment to which a prisoner is exposed is a form of punishment, because it is additional punishment above that ex imposed by the sentencing criminal court. As the result of being a punishment, it is subject to the 8th Amendment Rule. See Landman v. Royster, 333 f. Supp. 621, 645 (E.D. VA, 1971)

10. Defendants are liable to Punitive Damages as their actions "were motivated by evil intent" or involved "reckless or callous indifference to my rights" And Defendants' were responsible to make sure we recieved out-door Rec. And were capable of movement/seperation with outdoor Rec. Cages behind units. Defendants are liable for Nominal damages, as the Defendant's knew of the violation of rights (shown in grievances)

• When Looking at 8th Amendment violations the court must determine whether that condition is compatible with "the evolving standards of decency that mark the progress of a maturing society. Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 598 2 L.Ed. 2d 630 (1958) quoted in Estelle v. Gamble 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed. 2d 251 (1976)

• When this court looks at humane treatment it must: Look at that treatment which creates a probability of recidivism and future incarceration - the court must conclude that conditions violate the Constitution (when that treatment of inmates does create a higher probability of inmate's returning to prison See: Balla v. Board of Corr. 656 F. Supp. 1108, 1987 U.S. Dist. Ct.

• The NV. Revised Statutes tell prison administrators that 5 hours outdoor recreation is mandatory. See N.R.S. 209.369(5)(5). This action is not in State Court, but Plaintiff requests your honor to see that Nevada Legislature has determined what is humane treatment for inmates in NV. State Custody.

• One court has suggested that "Any treatment to which a prisoner is exposed is a form of punishment, because it is an additional punishment above that imposed by the sentencing criminal court. As the result of being a punishment, it is subject to the 8th Amendment rule. See: Landman v. Royster, 333 F. Supp., 621, 645 (E.D. VA 1971

\*Although both parties moved for Summary Judgment, court Not relieved of Responsibility:

Even though both parties moved for Summary Judgment, this did Not relieve the district court of its responsibility to determine whether genuine issues of fact existed. Busch v. Flangas, 108 Nev. 821, 837 P.2d 438, 108 Nev. Adv. Rep. 129, 1992 Nev. Lexis 152 (Nev. 1992)

## IV   Conclusion

McGuire requests this court to issue Summary Judgment in his favor w/ trial (by Jury) to decide damages that are appropriate, or (if the court feels that there are genuine issues of dispute) that this matter be scheduled for trial by Jury as soon as ~~possible~~ possible.

Respectfully submitted (Pro Se Plaintiff) ON this 6th Day of November 2024.

Robert S. McGuire

Robert S. McGuire #83383
H.D.S.P.
P.O. Box 650
Indian Springs, NV. 89070

13

Plaintiff's Opposition To
Defendant's request for Summary
Judgment

## List of Exhibits

Exhibit A: Robert McGuire #83383
Plaintiff Declaration of Disputed
Facts.

Exhibit B: Defendant Gittere's
Responses to Request for
Admissions.

Exhibit C: Defendant Johnson's
Responses to Request for Interogatorys

Exhibit D: Plaintiff's grievances
on constitutional deprivations
w/ Defendant's Responses to the
grievances. (showing Defendant's were
Advised that what they were doing
was allowing 8th & 14th U.S. Const.
Amend. violations to occur & continue.
* Not only w/ Plaintiff but ais entire
unit.

14

Exhibit A

Plaintiff Declaration
of Disputed Facts

# Declaration Of Disputed Facts
## By Plaintiff Robert McGuire #83383
## for Support of his Opposition TO
## Summary Judgment iN Case NO.
## 3:23-CV-00165-ART-CLB.

1. My Name is Robert Steven McGuire. Today's date is November 5, 2024. I am incarcerated at High Desert State Prison Currently. I am, pro se, plaintiff in this case.

2. Attached to this Declaration is a genuine & Authentic Copy of Defendant William Gittere's admissions from discovery responses in this matter. Attatched is Interrogatory responses from Calvin JohnsoN And those are GenuiNe And Authentic copys as well. Attatched is Exhibit D - GenuiNe And Authentic copys of Plaintiff's several levels of grievances And Administrative Claim form Which spread over several years And were specifically responded to [Level 1-by Calvin JohnsoN (Defendant)] Level 2- by William Gittere (Defendant)- showing defendants were personally involved, knew of, and failed to ever correct this 8th And 14th amendment coNstitutioN deprivation.

3. Disputed Facts: See Responses to Admissions of Gittere No. 1 Gittere was warden at E.S.P. during 2020, and NO. 13 he was acting N.D.O.C. Director for 2022, and 2023, Thus showing he was acting under Color of state Law when he knowingly deprived McGuire of outdoor Recreation activities (adequately) over a 2 yr period. See Gittere's response to admission No. 16 - that 5 hours outdoor recreation is constitutional minimum.

1

See Gittere's Response to Admission No. 17 - McGuire swears under penalty of perjury that he knows that Gittere is confused/lying as E.S.P. tiers have several big rec. yards, 1 small recreation (outdoor) yard for each tier. Beyond [5 hours outdoor Recreation weekly min. mandatory] McGuire disputes defendant's counsel - Any acting Dept. of Correction's Administration - Associate wardens, wardens, caseworkers, associate directors, directors, medical, mental-health staff - All know that the 5 hours outdoor Recreation (minimum) mandatory is required in Nv. prisons. Plaintiff disputes that 9th Cir. hasn't ruled firmly on this matter. Even where in Defendant's Opposition to Plaintiff's request for Summary Judgment page 2- that 9th cir. has even previously ruled that in situations where inmates are almost lock-down 24 hours daily in cells—that inmates need that 5 hours of outdoor recreation the most. Look at Defendant's Exhibit H to their request for Summary Judgment - showing- at most Plaintiff recieved 1 hour of tier time per day, look at their Exhibit B pg. 10 of 23 date 7/15/2021 - McGuire was not allowed any programs due to the fact he already had his G.E.D, and High School diploma, McGuire ate meals in his cell, recieved any/all law library materials brought to his cell, no religious services, and over the years 2020, 2021, 2022 - even though McGuire didn't get found guilty of any infractions—was stuck in his cell 24 hours daily, 7 days a week, even when unit staff had the capability to take inmates to locked, seperate, distanced cages (or small recreation yards) and never (even once) tried to offer unit 5A/B those yards.

2

McGuire disputes defendant's counsel that defendants don't understand the need for inmates to have outdoor Recreation. See Defendant Gittere's Admission response No. 19, and 20 - Defendant Gittere is well-aware that the well-being of inmates/staff is effected in a huge way.

McGuire uses this deposition to establish his damages, punitive/Injunctive/Request for Attorney fees - that he was psychologically harmed and was recieving Mental Health Med's for major depression, bi-polar disorder [And Still is]. And that serious injury doesn't require a outward physical showing.

4. Disputed facts - No matter emergency lock-downs, Segregation, covid issues - Plaintiff needs this court to understand one of THE Biggest Disputed facts in this case And The Defendant's Counsel dance around - see Calvin Johnson's Interrogatory No. 2 And No. 3 responses [Plaintiff has witnesses And CAN/will testify] that there are cages built behind every housing at H.D.S.P. for specific use of giving single/double cell inmates outdoor Recreation - these are dog-kennels And Plaintiff Never was offered access to these cages during Lock-down, Disputed Fact Calvin Johnson Knew And was personally involved in McGuire's being denied outdoor recreation see Plaintiff Exhibit D to this Motion - Defendant personally involved And allowed to continue 8th And 14th Amendment Const. violations

See Defendant's Exhibit K- Calvin Johnson created a long-term schedule for the bigger NON-Lockdown quad yard that at maximum allowed only 2 hours weekly outdoor recreation. We were often denied even this weekly reprieve from our cells—sometimes for over 4 weeks

See Calvin Johnson response to interrogatory No. 1— he was acting under color of State Law when he was deliberately indifferent/callously indifferent (As was William Gittere (Defendant) to my constitutional deprivation). This callous indifference does make defendants Liable to monetary damages. They knew of And failed to fix.

5. Another Fact in Dispute: That defendant's use some uses of Emergency Lock-down to make this claim seem Like it didn't Last Long, or was only in effect during Covid. Plaintiff claims, and w/ [Exhibit K ~~for Defendant~~ Summary Request] this was in excess of 3 months without any offered outdoor recreation Starting at Ely State Prison Unit 5A, then August 18, 2020 at H.D.S.P for total of 3 months combined NO outdoor Recreation, And then Approximately 18 months of only quad outdoor recreation max. 2 hours weekly See Defendant's Exhibit H to their request for Summary Judgment) Plaintiff McGuire plans to call witnesses at trial that can prove his claims that H.D.S.P. opened Unit 6A/B around January 2023, and has been operating since— with a quad yard schedule only offering 2 hours (at most) weekly outdoor Recreation. No indoor gymnasium (Like unit 3A/B 2020 thru 2023)

6. Fact in dispute: Calvin Johnson response to Interrogatory NO. 6 - this response is a Lie (or) this warden (previous) is very confused. When we arrived August 18, 2020 from E.S.P. we had No air-conditioning for at least the 1st month. This made in-cell work-out (exercise) impossible. I will call witnesses to testify to the fact. And, Also, will call witnesses And seek exhibits to prove at trial - H.D.S.P. had to close ~~Ato~~ Units And transfer inmates during 2024 - due to air-conditioning going-out at H.D.S.P. This is A frequent issue. We are in middle of the High Desert and the cells are (almost always) way too hot, OR way too cold; making indoor ¿ in-cell exercise impossible.

7. Calvin Johnson interrogatory Response No. 11 (attatched) he is mis-stating facts - see defendant Exhibit K for their Summary Judgment - Calvin Johnson created/signed the outdoor quad yard Schedule for 2020 - 2022. He created the bad habit to give ~~intam~~ inmates At max. 2 hours weekly outdoor rec. for closed-custody without the option to use recreation cages behind units.

8. See Calvin Johnson response to interrogatory No. 13 Defendant is aware that inmates Should/Need outdoor Recreation for the benefit of fresh-air, vitamin C from the sun. Defendant's counsel implys that since No serious injury is directly caused - that inmate's Should be in-cells 24/7 including for exercise.

5

McGuire disputes this fact, and (obviously) so do the defendants in this case.

9. Disputed fact: McGuire has a liberty interest as described in Sandin V. Connor as I went Nearly 2 years with at max. 2 hours outdoor Recreation And only 1 hour (or less) of daily tier-time with No programs. A liberty interest is created when an inmate experiences 'Atypical And Significant Hardship Compared to the ordinary incidents of Prison Life' this is Not a housing Classification issue (McGuire has a seperate lawsuit/complaint for that- which began when he left unit 3A/B in 2022) This Constitutional deprivation has due process protections — As there are cages & Small yards that were built at E.S.P & H.D.S.P — (those in combination w/ bigger yards) make it so (even in Emergency Lock-downs) inmates should always be provided w/ 5+ hours weekly outdoor recreation. Fact in Dispute: Due process - McGuire (I) dispute that McGuire recieved proper due process to deprive me of my liberty — As the only way to take all his privelages for outdoor Recreation is with a disciplinary Sanction to take all his access to outdoor Recreation. As cages/yards

6

were built so that even segregated inmates, quarantined inmates, or for inmates experiencing emergency lock-down through no fault of their own — have access to outdoor recreation & fresh-air. As such, I was deprived my liberty, and did not recieve proper due-process to take my liberty — as I never recieved a write-up or rules violation for that sanction to be issued. And so I have a 14th amendment claim.

10. Please see Plaintiff's exhibits A, B, C — attatched to his request for Summary Judgment — these are emergency directives issued by Governor during Covid 2020 thru 2023. Starting March 2020, all outdoor recreation-directives all allow outdoor recreation w/ masks on. I never tested positive for covid, I was never on a covid quarantine unit.

11. I dispute the use of Defendants exhibit for H.D.S.P. operational procedure — as it doesn't include operation of units listed in Plaintiff complaint.

12. I dispute use of Defendant's exhibit C 'Declaration of David Drummond — he is not a defendant, and the year 2000 on unit 5A at Ely State Prison — June, July, August — we were being denied normal operations and not being offered access to the outdoor recreation yards, or regular tier-time. I don't debate that those are the privelages we were supposed to have.

E.S.P. O.P. 401 was not being followed during June, July, August 2020. Nor was E.S.P. O.P. 516.

H.D.S.P  O.P. 516 does Not include operation of Unit 3A/B during 2020 thru 2022. During this time Plaintiff was in his cell at least 23 hours per day (w.o. outdoor Recreation) he was offered No programs, he ate in his cell, law library brought supplies to his cell, his only tier time was to use showers, and phone. We were recieving restricted limit on bi-weekly store access - they brought to our cell, No religious activities, No access to regular library.

13. Defendant's Exhibit J shows that Unit 3A/B was Not allowed (OR ON list) to go to law library.

14. Plaintiff should recieve Summary Judgment in his favor, damages to be determined at trial - OR trial scheduled

15. I declare under the penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true And correct on this 5th Day, November, 2024.    Plaintiff Pro Se Robert McGuire

Robert McGuire #83383
H.D.S.P
P.O. Box 650
Indian Springs, NV,
            89070

8

Exhibit B

Gittere's Admissions

Exhibit B

1  AARON D. FORD
     Attorney General
2  KYLE L. HILL, (Bar No.16094)
     Deputy Attorney General
3  State of Nevada
     Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
     Las Vegas, Nevada  89101
5  (702) 486-0429 (phone)
     (702) 486-3773 (fax)
6  Email: khill@ag.nv.gov

7
   *Attorneys for Defendants,*
8  *Wiiliam Gittere and Calvin Johnson*

9

10              **UNITED STATES DISTRICT COURT**

11                **DISTRICT OF NEVADA**

12  ROBERT MCGUIRE,                          Case No. 3:23-cv-00165-ART-CLB

13                        Plaintiff,

14  v.                                       **DEFENDANT WILLAIM GITTERE'S
                                             RESPONSES TO PLAINTIFF'S
15  NEVADA DEPARTMENT OF                     REQUEST FOR ADMISSIONS FOR
     CORRECTIONS,** *et al.***,             DEFENDANT WARDEN WILLIAM
16                                           GITTERE
                        Defendant.          [SET 1]**
17

18         Defendant William Gittere, by and through counsel, Aaron D. Ford, Nevada

19  Attorney General, and Kyle L. Hill, Deputy Attorney General, hereby responds to Plaintiff's

20  Request for Admissions for Defendant Warden William Gittere [Set 1], as follows[1]:

21                        **INTRODUCTION**

22         1.     Defendant is bound to comply with statutes, regulations, and protocols

23  governing the dissemination of confidential information pertaining to prison

24  administration. In preparing these responses, Defendant may not yet have discovered all

25  such bases of confidentiality upon which to interpose an objection to a discovery request

26  ///

27  _____

28         [1] The use of [sic] to delineate errors is not used in this document. These
     Interrogatories are typed as in the original.

**Page 1**

1  responses prior to and at trial on the basis of additional discovery and development of facts
2  is expressly reserved.

3  **RESPONSES TO REQUESTS FOR ADMISSION**

4  **REQUEST FOR ADMISSION NO. 1:**

5      You were warden of E.S.P. for the year of 2020.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

7      Admit.

8  **REQUEST FOR ADMISSION NO. 2:**

9      You helped to create COVID protocols, memos, rules, quarantine unit, at E.S.P. for
10  the year of 2020.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

12      Admit. I was one of many that helped to create and implement policies and
13  procedures as it pertained to Covid-19 at Ely State Prison in 2020.

14  **REQUEST FOR ADMISSION NO. 3:**

15      All inmates, at E.S.P., were given face masks to wear outside of cell.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

17      Defendant objects to Request for Admission No. 3 as overly broad because it is not
18  limited as to timeframe. As such, Defendant will only provide a response that is reasonably
related to the allegations in this case.

19      Notwithstanding this objection, and without waving the same, Defendant responds
20  as follows: Admit.

21  **REQUEST FOR ADMISSION NO. 4:**

22      Mandatory – wearing of face masks whenever inmates were out-of-cell.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

24      Defendant objects to Request for Admission No. 3 as overly broad because it is not
25  limited as to timeframe. As such, Defendant will only provide a response that is reasonably
26  related to the allegations in this case.

27      Notwithstanding this objection, and without waiving the same, Defendant responds
28  as follows: Admit in part, deny in part. During a period of time, pursuant to CDC guidelines

**REQUEST FOR ADMISSION NO. 8:**

During the months of July & August 2020 – you were knowledgeable of inmates being locked-in cells & not receiving outdoor recreation at E.S.P.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendant objects to Request for Admission No. 8 as impermissibly argumentative because it forces the adoption of the facts not in evidence, namely that for months at a time inmates were being locked-in cells and not receiving outdoor recreation.

Notwithstanding this objection, and without waiving the same, Defendant responds as follows: Defendant admits that there were times of frequent lockdowns due to quarantine, or severe lack of staff, leading the institution to operate at emergency operations. Defendant denies the remainder of this request.

**REQUEST FOR ADMISSION NO. 9:**

On 8/18/2020 – inmates that were transferred from E.S.P. unit 5 A/B were placed in busses, at maximum capacity, to be transferred to H.D.S.P.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendant objects to Request for Admission No. 9 because it calls for Defendant to speculate as to what a third-party may have done, as Defendant is not in charge of transportation.

Notwithstanding this objection, and without waiving the same, Defendant responds as follows: Defendant can neither admit nor deny Request for Admission No. 9 because Defendant was not in charge of transportation and has no personal knowledge as to how these inmates were transported from Ely State Prison to High Desert State Prison.

**REQUEST FOR ADMISSION NO. 10:**

Nevada Department of Corrections transport busses were filled & every seat taken & no "distancing" or "partitions" were available/ provided to inmates on the bus – for a entire 4 to 5 hour trip to H.D.S.P.

///

///

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant objects to Request for Admission No. 12 as impermissibly argumentative because it forces the adoption of the facts not in evidence, namely that High Desert State Prison did not have operational procedures made in order to operate Unit 3 at High Desert State Prison. Defendant objects to Request for Admission No. 12 because it calls for Defendant to speculate as to what was happening at High Desert State Prison, when he was the Warden at Ely State Prison.

Notwithstanding these objections, and without waiving the same, Defendant responds as follows: Defendant can neither admit nor deny Request for Admission No. 12 because he has no personal knowledge needed to answer this request.

**REQUEST FOR ADMISSION NO. 13:**

You were acting director of N.D.O.C. for years of 2021/2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admit in part. Defendant was Acting Director of the Nevada Department of Corrections from September 30, 2022 to January 23, 2023.

**REQUEST FOR ADMISSION NO. 14:**

You are aware that NV. N.D.O.C. was denied permission to make H.D.S.P. into a max./closed-custody prison because it was too close to A city,

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendant objects to Request for Admission No. 14 as impermissibly argumentative because it forces the adoption of the facts not in evidence, namely that the Nevada Department of Corrections requested permission to make High Desert State Prison into a max/closed custody prison, and that this request was denied. Defendant objects to Request for Admission No. 14 because it calls for Defendant to speculate as to whether the Nevada Department of Corrections requested permission to make High Desert State Prison into a max/closed custody prison, and that this request was denied. Defendant objects to Request for Admission No. 14 because whether the Nevada Department of Corrections requested permission to turn High Desert State Prison into a max/closed custody prison, and that

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

2       Defendant admits that per policies and procedures of the Nevada Department of

3    Corrections, inmates are to be offered five hours of outdoor recreational time per week.

4    **REQUEST FOR ADMISSION NO. 17:**

5       There are small outdoor Recreation yards attached to each tier at E.S.P. & can be

6    utilized in Any Lock-down, emergency situations & can be used 24/7 & can keep inmates

7    separated (in single – or double-cells).

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

9       Deny.

10   **REQUEST FOR ADMISSION NO. 18:**

11      In NV. Dept. of Corrections inmates are Not allowed to exercise in-doors on the

12   housing tiers.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

14      Defendant objects to Request for Admission No. 18 because it calls for Defendant to

15   speculate as to what is done at all other institutions that Defendant is not Warden of.

16      Notwithstanding this objection, and without waiving the same, Defendant responds

17   as follows: Admit. At Ely State Prison, inmates are not permitted to exercise on the tier,

18   that is what the recreational yards are used for.

19   **REQUEST FOR ADMISSION NO. 19:**

20      Physical exercise is important to help inmates mental stability.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

22      Defendant objects to Response for Admission No. 19 because it requires a mental

23   health medical opinion which Defendant does not have the knowledge, skill, experience,

24   training, or education to give.

25      Notwithstanding this objection, and without waiving the same, Defendant responds

26   as follows: Admit. It is my understanding that physical exercise is important to help

27   inmates mental stability, within limits.

28   ///

1  Prison. Plaintiff was charged with an MJ26: Possession of contraband and was found not

2  guilty.

3  **REQUEST FOR ADMISSION NO. 23:**

4      You are aware that staff <u>close</u>-unit yards (small) when they are covered in snow.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

6      Admit. For many reasons, it would be unsafe to allow anyone in the recreation yards

7  while it is covered in snow.

8  **REQUEST FOR ADMISSION NO. 24:**

9      In your position(s) as Warden, Associate Director, or Acting Director – you answered

10  grievances, and had the proper authority to fix policies, memos, and the constant denial of

11  outdoor recreation at E.S.P. & H.D.S.P. – but chose not to.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

13      Defendant objects to Request for Admission No. 24 as impermissibly argumentative

14  because it forces the adoption of the facts not in evidence, namely that Defendant chose not

15  to do something that fell within his job duties.

16      Notwithstanding this objection, and without waiving the same, Defendant responds

17  as follows: Admit in part and deny in part. Defendant admits that within these job titles,

18  his duties included responding to grievances and to work on policies, procedures, and

19  memos to send for approval. Defendant denies that he chose not to work on any policies,

20  procedures, or memos.

21      DATED this ____ day of _____, 2024.

22                              AARON D. FORD
                                Attorney General
23

24                              By:    */s/ Kyle L. Hill*
                                       KYLE L. HILL, Bar No. 16094
25                                     Deputy Attorney General

26                                     *Attorneys for Defendants*

27

28

Exhibit C

Calvin Johnson

Interrogatories

Exhibit C

1  AARON D. FORD
     Attorney General
2  KYLE L. HILL, (Bar No.16094)
     Deputy Attorney General
3  State of Nevada
     Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
     Las Vegas, Nevada 89101
5  (702) 486-0429 (phone)
     (702) 486-3773 (fax)
6  Email: khill@ag.nv.gov

7

8  *Attorneys for Defendants,*
     *Wiiliam Gittere and Calvin Johnson*

9

10            **UNITED STATES DISTRICT COURT**

11               **DISTRICT OF NEVADA**

12  ROBERT MCGUIRE,                    Case No. 3:23-cv-00165-ART-CLB

13                     Plaintiff,
                                        **DEFENDANT CALVIN JOHNSON'S**
14  v.                                  **ANSWERS TO PLAINTIFF'S**
                                        **INTERROGATORIES**
15  NEVADA DEPARTMENT OF                      **[SET 1]**
     CORRECTIONS, *et al.,*
16
                       Defendant.
17

18        Defendant Calvin Johnson, by and through counsel, Aaron D. Ford, Nevada Attorney

19  General, and Kyle L. Hill, Deputy Attorney General, hereby answers Plaintiff's

20  Interrogatories [Set 1], as follows[1]:

21               **INTRODUCTION**

22        1.    Defendant is bound to comply with statutes, regulations, and protocols

23  governing the dissemination of confidential information pertaining to prison

24  administration. In preparing these answers, Defendant may not yet have discovered all

25  such bases of confidentiality upon which to interpose an objection to a discovery request

26  presented herein. Accordingly, Defendant reserves the right to assert additional bases of

27  confidentiality at a later time, when the applicability to the discovery request is realized.

28

---

[1] The use of [sic] to delineate errors is not used in this document. These Interrogatories are typed as in the original.

Page **1**

1                           **ANSWERS TO INTERROGATORIES**

2 **INTERROGATORY NO. 1:**

3         State the time-frame you were employed for the Nevada Department of Correction's.

4 **ANSWER TO INTERROGATORY NO. 1:**

5         Defendant objections to Interrogatory No. 1 because the time frame Defendant was

6 employed with the Nevada Department of Corrections does not have a tendency to make

7 any party's claims or defenses more or less probable, making the request irrelevant and

8 disproportional to the needs of the case.

9         Notwithstanding this objection, and without waiving the same, Defendant answers

10 as follows: From around March of 2019 to January of 2023.

11 **INTERROGATORY NO. 2:**

12         State how many Rec. Cages are behind each unit at High Desert State Prison.

13 **ANSWER TO INTERROGATORY NO. 2:**

14         My recollection is that there are twelve cases for Unit 3, twelve cases for Unit 8,

15 Units 9-12 have one big cage not individual cages, and the rest of the Units have eight

16 cages.

17 **INTERROGATORY NO. 3:**

18         State the reason there are outdoor rec. cages built behind each unit of H.D.S.P.

19 **ANSWER TO INTERROGATORY NO. 3:**

20         Defendant objects to Interrogatory No. 3 because the reason for the outdoor

21 recreational cages being built does not have a tendency to make any party's claims or

22 defenses more or less probable, making the request irrelevant and disproportional to the

23 needs of the case.

24         Notwithstanding this objection, and without waiving the same, Defendant answers

25 as follows: My understanding is that the recreational cages began being built around 2016

26 due to concerns regarding staff threats and other security issues in order to be able to give

27 offenders recreational time if a substantial lockdown were to occur.

28 ///

broad because it is not limited as to timeframe, as such, Defendant will only provide a response that is reasonably related to the allegations in this case.

Notwithstanding these objections, and without waiving the same, Defendant answers as follows: This is not true. If there was any time without "air conditioning" in Unit 3, it would have been fixed as soon as possible.

**INTERROGATORY NO. 7-8:**

State <u>why</u> inmates from E.S.P. unit 5 A/B were moved to H.D.S.P. Unit 3 A/B & name the O.P.S. & A.R.S that made that possible.

**ANSWER TO INTERROGATORY NO. 7-8:**

Defendant objects to Interrogatory No. 7-8 as improperly compound with at least two discrete subparts which are not logically or factually subsumed within and necessarily related to the primary question, calling for Defendant to (1) state why inmates were moved; and (2) name the O.P.s and A.R.s. Defendant objects to Interrogatory No. 7-8 because it calls for Defendant to speculate as to the reasoning for the transportation when he would have no personal knowledge as to the reason why Ely State Prison was transferring inmates to High Desert State Prison.

Notwithstanding these objections, and without waiving the same, Defendant answers as follows: My understanding is that there was an infrastructure issue at Ely State Prison, and as such, a group of inmates had to be transferred to High Desert State Prison. This was made possible through the Administrative Regulations and Operational Procedures that govern classification, which consist of, but not limited to, the following: AR 503; AR 504; AR 507; AR 516; AR 521; HDSP OP 503; HDSP OP 504; HDSP OP 521; ESP OP 502; ESP OP 503; ESP OP 513; and ESP OP 521. Furthermore, the Offender Management Division is the division tasked with the housing and custody levels of all inmates.

**INTERROGATORY NO. 9 [mislabeled as 8]:**

State why inmates on unit 3 A/B at H.D.S.P. weren't allowed/ offered any type of outdoor recreation (or even) in-door recreation.

**ANSWER TO INTERROGATORY NO. 11:**

To the best of my recollection, Jeremy Bean, the current Warden of High Desert State Prison, was the individual in charge of created all recreational schedules for the entire population of High Desert State Prison from 2020 to 2022.

**INTERROGATORY NO. 12 [mislabeled as 11]:**

State any/all dates & reasons for Lock-downs on 3 A/B & why staff weren't allowed to walk us (in cuffs) to outdoor rec. cages behind units to be Locked in cages (that allow staff to distance us & w/ covid masks on)?

**ANSWER TO INTERROGATORY NO. 12:**

Defendant objects to Interrogatory No. 12 as impermissibly argumentative because it forces the adoption of the facts not in evidence, namely that inmates in Unit 3 A/B were locked down for a continuous period of time. Defendant objects to Interrogatory No. 12 as overly broad because it is not limited as to timeframe, as such, Defendant will only provide a response that is reasonably related to the allegations in this case.

Notwithstanding these objections, and without waiving the same, Defendant answers as follows: Defendant is still inquiring into this interrogatory and will supplement Answer to Interrogatory No. 12 as necessary.

**INTERROGATORY NO. 13 [mislabeled as 12]:**

State the reasons why you feel fresh-air, and outdoor, or even indoor recreation – is important for inmates to have.

**ANSWER TO INTERROGATORY NO. 13:**

Defendant objects to Interrogatory No. 13 because it requires a medical opinion which Defendant does not have the knowledge, skill, experience, training, or education to give.

Notwithstanding this objection, and without waiving the same, Defendant answers as follows: My understanding is that fresh air and recreation time leads to be a stress reliever, keeps inmates and officers in better spirits, creates less animosity between

///

**INTERROGATORY NO. 16 [mislabeled as 15]:**

State the reason(s) unit 3 A/B was closed in May 2022.

**ANSWER TO INTERROGATORY NO. 16:**

Defendant objects to Interrogatory No. 16 because the reason why Unit 3 A/B was closed in 2022 does not have a tendency to make any party's claims or defenses more or less probable, making the request irrelevant and disproportional to the needs of the case.

Notwithstanding this objection, and without waiving the same, Defendant answers as follows: As I recall, there was a severe staffing crisis, leading to the consolidation of beds and shutting down of units to manage the population without having to go into a complete lockdown.

**INTERROGATORY NO. 17 [mislabeled as 16]:**

State the difference between unit 3 A/B & (now) unit 6 A/B at H.D.S.P.

**ANSWER TO INTERROGATORY NO. 17:**

Defendant objects to Interrogatory No. 17 because difference between Unit 3 and Unit 6 does not have a tendency to make any party's claims or defenses more or less probable, making the request irrelevant and disproportional to the needs of the case. Defendant objects to Interrogatory No. 17 because it calls for Defendant to speculate as to what Unit 6 at High Desert State Prison is like in the present day, as Defendant no longer works at High Desert State Prison, or for Nevada Department of Corrections.

Notwithstanding these objections, and without waiving the same, Defendant answers as follows: My understanding is that there is no difference, both units were/are identified as close-custody units.

**INTERROGATORY NO. 18 [mislabeled as 17]:**

State in what O.P.S. OR A.R.S in NV. D.O.C. – where the 'Risk factor Score Sheet template' is defined & where point requirements outlined?

///

///

///

1    course of time, not all at once, and utilized excess funds from different areas of the budget
2    each year.

3    **INTERROGATORY NO. 21 [mislabeled as 20]:**

4        What covid-protocols/memos did you put into place in H.D.S.P. for 2020, 2021, and
5    2022?

6    **ANSWER TO INTERROGATORY NO. 21:**

7        Defendant objects to Interrogatory No. 21 because a request for any and all Covid-
8    19 protocols or memos over the course of three years is overbroad per se, as Covid-19 was
9    ever changing, and as such, so were the policies and procedures.

10       Notwithstanding this objection, and without waiving the same, Defendant answers
11   as follows: Throughout 2020 to 2022, a plethora of Covid-19 policies and protocols were
12   implemented at High Desert State Prison, including all protocols from the CDC, as well as
13   any that the Nevada Department of Corrections issued. Additionally, High Desert State
14   Prison implemented protocols, including but not limited to: mandatory mask mandates;
15   social distancing as much as possible; increased sanitation; and more.

16   **INTERROGATORY NO. 22 [mislabeled as 21]:**

17       State what units (in 2020, and 2021) at H.D.S.P. – were made into quarantine
18   housing.

19   **ANSWER TO INTERROGATORY NO. 22:**

20       To the best of my recollection Unit 2 C/D and Unit 4 C/D were quarantine housing
21   units.

22   **INTERROGATORY NO. 23 [mislabeled as 22]:**

23       To the best of your knowledge – how many inmates & staff tested positive for covid
24   in 2020, and 2021 at H.D.S.P. – or system-wide.

25   **ANSWER TO INTERROGATORY NO. 23:**

26       Defendant objects to Interrogatory No. 23 because the amount of individuals who
27   tested positive for Covid-19 in 2020 and 2021 at High Desert State Prison does not have a
28   ///

1

## VERIFICATION OF CALVIN JOHNSON

2    I, Calvin Johnson, am a Defendant in the above-entitled matter. I have read the

3 foregoing answers to interrogatories, set one, and am familiar with its contents. Pursuant

4 to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents contained herein

5 are true and correct to the best of my knowledge.

6    Executed on April 8, 2024.

7

8    _____

9    CALVIN JOHNSON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit D

Plaintiff's grievances
ON instant-Complaint

Notice Responses by
Defendant's - making them
aware of constitutional
Deprivations.

Notice Administrative Claim
Form Advising Monetary
Damages being Sought if
problem wasn't fixed

EXHIBIT D

Log Number 2003114341

## NEVADA DEPARTMENT OF CORRECTIONS
### INFORMAL GRIEVANCE

NAME: Robert McGuire    I.D. NUMBER: 83383

INSTITUTION: H.D.S.P.    UNIT: 3A#1

GRIEVANT'S STATEMENT: I was in E.S.P. Level 2 & was transferred to H.D. for 'departmental need.' I have been treated worse than inmates in segregation. I've been Locked ↓ (w/ other inmates) w.o. Any Access to yard for over 45 days. Now I'm only recieving Cont.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: Robert McGuire    DATE: 10/23/    TIME: 12:00 P.M.

GRIEVANCE COORDINATOR SIGNATURE: _____    DATE: 14/20    TIME: ___

GRIEVANCE RESPONSE: _____

_____

_____

_____

_____

CASEWORKER SIGNATURE: _____    DATE: _____

____ GRIEVANCE UPHELD ____ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _____    DATE: 4/2/

_____ INMATE AGREES ___X___ INMATE DISAGREES

INMATE SIGNATURE: Robert McGuire    DATE: 4/23/21

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

RECEIVED

| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance RECEIVED |
| Gold: | Inmate's initial receipt |

OCT 29 2020

APR 26 HDSP

AUG 24 2021

HDSP



DOC 3091 (12 / 01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Robert McGuire    I.D. NUMBER: 83383

INSTITUTION: H.D.S.P.    UNIT #: 3A#1

GRIEVANCE #: _____    GRIEVANCE LEVEL: Informal

GRIEVANT'S STATEMENT CONTINUATION:    PG. 1 OF 1

only 1 hour per week (starting this week). For at least 45 days we were held w.o. ANY Rec. yard. Not even access to the segregation cages. I've been held in a cell placed under "Atypical & Significant" hardship Amounting to A 8th & 14th amendment rights violation. We requested yard from ranked c/o's frequently w.o. committing ANY rules violations I have been ~~acceptable~~ excessively denied outdoor Rec. H.D. had months warning to get ready for us - so "covid outbreak" is unjustified reason. I'm requesting 5 hours of outdoor Rec. per week As federally mandated & $150 per day w.o. yard (Amounting currently to $6,750) And cont. 'til I get 1 hour per day

Original:    Attached to Grievance
Pink:    Inmate's Copy

RECEIVED
AUG 24 2021
HDSP

RECEIVED
OCT 29 2020
HDSP

RECEIVED
2 8 2020
DSP

DOC – 3097 (01/02)



# State of Nevada
# Department of Corrections

## INMATE GRIEVANCE REPORT

**ISSUE ID#**   20063114341                    **ISSUE DATE:**   10/23/2020

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| MCGUIRE, ROBERT | 83383 | RTRN_INF | MVILLATORO |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| IF | 03/30/2021 | 5 | Denied | ELIMA | INACTIVE |

| INMATE COMPLAINT |
|---|

| OFFICIAL RESPONSE |
|---|
| Inmate: 83383 MCGUIRE, I am responding to your grievance ending in # 14341. In your grievance you state your concern of being lock down un-rightfully. Yes, the unit you are in (3AB) has been in lockdown in different occasions due to incident/emergency situations. Per OP 404, a response to those situations can lead to a Lockdown overseen by Administration.Grievance denied. |

GRIEVANCE RESPONDER

RECEIVED

AUG 2 4 2021

APR 2 6

HDSP

Report Name: NVRIGR
Reference Name: NOTIS-RPT-OR-0217.4
Run Date:   MAR-30-21 10:35 AM

Log Number 2006.31.14341

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Robert McGuire _____ I.D. NUMBER: 83383

INSTITUTION: H.D.S.P. _____ UNIT: 4 D # 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 2006311434l , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: Robert McGuire _____ DATE: 4/23/21

WHY DISAGREE: It is Administration's duty to make sure there are procedures to give us outdoor Rec. time—even on Lock-down situations. There are cages you can use for this purpose. Guards/Admin. chose Not to give us yard; used could i'other things AS AN EXCUSE. I want my $.

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 5 6 2l

FIRST LEVEL RESPONSE: _____

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____ TITLE: AP Bren DATE: 8/12/2l

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 8l02l

_____ INMATE AGREES    X    INMATE DISAGREES

INMATE SIGNATURE: Robert McGuire _____ DATE: 8/03/21

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

AUG 24 2021

HDSP

DOC 3093 (12/01)



# State of Nevada
# Department of Corrections

## INMATE GRIEVANCE REPORT

**ISSUE ID#**  20063114341                                   **ISSUE DATE:**  10/23/2020

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| MCGUIRE, ROBERT | 83383 | RTRN_L1 | CALJOHNSON |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 1 | 07/09/2021 | | Denied | ACALDERWOOD | INACTIVE |

| INMATE COMPLAINT |
|---|
| |

| OFFICIAL RESPONSE |
|---|
| Inmate McGuire I am in receipt of your grievance 2006-30-14341, it has been reviewed at the first level. Inmate McGuire, I have reviewed your claim as written, HDSP has policy and procedures consistent to Administrative Regulations and Operational Procedures in place assuring outdoor recreation for inmates, to include tier and cages for lock down situations. You are currently properly housed in unit 3A/B the Special Management Unit (SMU) due to your current Section A points that exceed 10, which makes you a Close Custody inmate. Inmate McGuire on numerous occasions such as COVID, Emergency Situations, and Incidences, unit 3A/B was lock down. Per OP 404 a response to those situations can lead to a lock down overseen by the Administration. Inmate McGuire, Per AR 740 it clearly states that you must factually demonstrate a loss or harm of which you have failed to provide. Inmate McGuire it has been determined that the informal level response sets forth the factual findings, with reference to pertinent administrative regulations, institutional procedures and/or post orders that directly address the grievance.<br>Grievance Denied |

GRIEVANCE RESPONDER

RECEIVED

AUG 2 4 2021

HDSP

2006311434

LOG NUMBER. 2006311434 1

## NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME: Robert McGuire          I.D. NUMBER: 83383

INSTITUTION: H.D.S.P.          UNIT: 3A#42 7A-5 7B 22B

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 2006311434 1          ON THE SECOND LEVEL. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: Robert McGuire          DATE: 8·23·21

WHY DISAGREE: Because Admin. & C.O.S could have given us rec. in cages behind units, and they chose to refuse us All yard outside for in excess of 3 months straight. You cannot use covid/emergencies to cover that ↑. Remedy requested Monetary

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 9 Day

SECOND LEVEL RESPONSE: _____

NDOC Operations

FEB 2 0 2022

DD W. A. Gittere

_____ GRIEVANCE UPHELD ___✓__ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE: LAG=          TITLE: DDO          DATE: 2·20·2022

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _____

INMATE SIGNATURE: Robert McGuire          DATE: 3/14/23

## THIS ENDS THE FORMAL GRIEVANCE PROCESS

| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

**RECEIVED**

AUG 2 4 2021

**HDSP**

DOC 3094 (12/01)



# State of Nevada
# Department of Corrections

### INMATE GRIEVANCE REPORT

**ISSUE ID#** 20063114341                          **ISSUE DATE:** 10/23/2020

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| MCGUIRE, ROBERT | 83383 | RTRN_L2 | WGITTERE |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 2 | 03/01/2023 | | Denied | DPUCKETT | INACTIVE |

| INMATE COMPLAINT |
|---|

| OFFICIAL RESPONSE |
|---|

Inmate McGuire, I am in receipt of your grievance 2006-31-14341, it has been reviewed at the second level.

Your 1st level grievance response and 2nd level claim have been reviewed.  The first level response sets forth the factual findings, with reference to pertinent administrative regulations, institutional procedures, and/or post orders that directly address your claim.

Per OP 404.02 #1 The shift commander is authorized to initiate a phased lock-down in the event of an emergency situatuon. Emergemcy situations are defined as, but not limited to initiate a phased lock-down in the event of an emergency situation. Emergency siuations are defined as, but not limited to, inmate distrubances, inmate dath as well as medial quarantine. Per OP 404 a response to those situations can lead to a lock down overseen by the Administration.

Inmate McGuire, unit 3A/B was locked down on numerous occasions due to COVID-19, emerency situations, and incidences. You are currently properly housed in unit 3A/B, the Special Management Unit (SMU), due to your current Sectioln A points that exceed 10, which makes  you a Close Custody inmate.

Inmates are encouraged to use the Inmate Grievance Procedure to resolve al addressable claims; however, inmates are prohibited from knowingly, willfully, or maliciously filing frivolous or vexaatious grievances, which as considered to be an abuse of the Inmate Grievance Procedure.

The first level response sets forth the factual findings, with refernce to pertinent administrative regulations, insitutional procedures and/or post orders that directly address the grievance.

Grievance Denied

MAR 0 1 2023

W.A. Gittere
Warden

GRIEVANCE RESPONDER

# NEVADA DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE CLAIM FORM

> **THIS FORM MUST BE COMPLETED PER NRS 41.036, 41.0322, 209.243 AND ADMINISTRATIVE REGULATION 740**

> **DO NOT SEND DIRECTLY TO ATTORNEY GENERAL'S OFFICE, BOARD OF EXAMINERS, OR DIRECTOR**

> This form is to be attached to your grievance form for any injuries or any other claim (except property) arising out of a tort alleged to have occurred during your incarceration as a result of an act or omission of the Department of Corrections or any of its agents, former officers, employees or contractors.

The following information is necessary to fairly evaluate your claim. Please provide complete information. If you need more space, attach a separate sheet of paper. You may submit additional evidence if available. Such additional evidence will be returned.

CLAIM IN THE AMOUNT OF $ 9,450.00 is hereby made against the Department of Corrections, based upon the following facts:

| 1. NAME OF CLAIMANT (Please print full name) | 2. I.D. # | 3. INSTITUTION |
|---|---|---|
| Robert Steven McGuire | 83383 | H.D.S.P. |

| 4. AMOUNT OF CLAIM | 5. DATE AND DAY OF OCCURRENCE | 6. TIME (a.m. or p.m.) |
|---|---|---|
| $9,450.00 | From 8-18-20 to 10-19-20 | On Going |

| 7. PLACE OF OCCURRENCE |
|---|
| High Desert State Prison - Unit 3-A #-1 |

RECEIVED
AUG 24 2021
HDSP

RECEIVED
OCT 29 2021
HDSP

RECEIVED
APR 26 2021
HDSP

Page 1 of 3

8. Describe here, in complete detail, exactly how your claim loss or damage occurred and why you believe the institution is responsible or liable:

We were transferred for Departmental Need. We were in A level (2) housing (12) cell's run on an open unit we had Access to yard for 1 hour every Day. Since being transferred we've been treated worse then inmate's placed in segregation. we've been locked down without no yard Access for in excess of 45 days. we weren't Even given the option to go to the cages. All Segregation units are entitled to. This is A clear 8th Amendment violation that the institution is liable for.

9. Witnesses. Be sure to include any staff member who may have been involved in, or has any knowledge of, your alleged loss; also, list any inmate who has actual knowledge of facts pertinent to your claim:

Unit Sergent
Caseworker Yate.
Caseworker Treadwell
Unit c/o / Staff.
Quad L.T

10. Other pertinent information:

RECEIVED
AUG 24 2021
HDSP

RECEIVED
OCT 29 2021
HDSP

RECEIVED
APR 26 2021
HDSP

Page 2 of 3

STATE OF N.V. )
)  SS
COUNTY OF Clark )

I, Robert Steven McGuire do hereby swear under penalty of perjury that I am the claimant named above, that I have read the foregoing claim and know the contents thereof, that the same is true of my own knowledge, except those matters stated upon information and belief, and as to those matters, I believe them to be true, and that THIS IS MY ENTIRE CLAIM AGAINST THE STATE OF NEVADA/DEPARTMENT OF CORRECTIONS.

I FULLY UNDERSTAND THAT I WILL HAVE TO SIGN A GENERAL RELEASE OF ALL CLAIMS IN THE PRESENCE OF A NOTARY PUBLIC FOR THE EXACT AMOUNT I AM CLAIMING BEFORE ANY PAYMENT WILL BE OFFERED TO ME. THIS GENERAL RELEASE WILL BECOME EFFECTIVE ONLY UPON ACTUAL PAYMENT OF THE CLAIM BY THE STATE OF NEVADA.

DATED this 23rd day of October , 20 20

Robert S. Steven McGuire
Signature of Claimant

**NOTICE**

NEVADA REVISED STATUTE 197.160 provides that every person who knowingly presents a false or fraudulent claim is guilty of a gross misdemeanor, and is subject to criminal penalties of imprisonment of up to one year, and a fine of up to $2,000.00.

RECEIVED

AUG 24 2021

HDSP

DOC – 3095 (12/01)

RECEIVED    RECEIVED
OCT 29 2021  26 2021
HDSP  HDSP

Page 3 of 3