UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT MCGUIRE,<br><br>                       Plaintiff,<br>     v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                       Defendants. | Case No. 3:23-cv-00165-ART-CLB<br><br>ORDER<br><br>(ECF Nos. 33, 43, 50, 51) |

Plaintiff McGuire sues NDOC officials William Gittere and Calvin Johnson for depriving him of outdoor exercise at Ely State Prison and High Desert State Prison in violation of the Eighth Amendment's bar on cruel and unusual punishment and the Fourteenth Amendment's procedural due process protections. Both parties have moved for summary judgment. Magistrate Judge Baldwin issued a Report and Recommendation denying Plaintiff's motion and granting Defendants'. The Court adopts the Report and Recommendation in part, grants Defendants' motion in part, and denies Plaintiff's motion.

**I. FACTUAL HISTORY**

Plaintiff Robert McGuire argues that Ely State Prison (ESP) Warden William Gittere and High Desert State Prison (HDSP) Warden Calvin Johnson deprived him of outdoor exercise between August 2020 and June 2022. (ECF No. 1-1; ECF No. 33.) In August 2020, ESP officials denied McGuire's unit outdoor recreation for eighteen days. (*See* ECF No. 33 at 2.) He and other inmates were then transferred to HDSP, where they were entirely deprived of outdoor recreation between August 18, 2020, to October 23, 2020. (*Id.* at 3.) McGuire testified that upon arriving at HDSP, "we had no air conditioning for the 1st month. This made in-cell work-out (exercise) impossible." (ECF No. 33 at 9; ECF No. 51 at 16.) From October 23, 2020, to June 9, 2022, HDSP officials allowed McGuire only one or

two hours of outdoor recreation per week. (ECF No. 33 at 4; ECF No. 51 at 15.) McGuire testified that during this period, he was sometimes denied outdoor recreation time for "several weeks" at a time. (ECF No. 48 at 3.) McGuire also testified that as a close custody inmate, during this period he received, at most, one hour of tier time per day. (*Id.* at 17.)

McGuire testified that both ESP and HDSP had outdoor recreational cages made to provide inmates outdoor recreation time during lockdowns. (ECF No. 33 at 2, 3.) Additionally, McGuire provides an interrogatory from Defendant Johnson which states that the recreational cages at HDSP were "built around 2016 . . . to give offenders recreational time if a substantial lockdown were to occur." (ECF No. 48 at 33–34.)

Defendants argue that McGuire received sufficient recreational time, including outdoor exercise. Associate Warden of ESP, David Drummond, stated by declaration that "McGuire was permitted tier and yard time once a day, every day of the week, for roughly an hour and forty-five minutes." (ECF No. 43-3.) Drummond stated that during tier time, "McGuire had the opportunity to . . . enjoy recreation yard time." (*Id.*) Warden of HDSP, Jeremy Bean, stated by declaration that "McGuire was permitted out-of-cell time (tier time) up to one hour per day, seven days a week, as possible." (ECF No. 43-4.) Bean also stated that "McGuire's unit was also scheduled to attend outdoor yard time at least two hours a week." (*Id.*)

McGuire made and appealed administrative grievances, which were read by Defendants, about not being provided access to the yard for extended periods. (*See* ECF No. 48 at 40–44.) In their grievance responses, ESP and HDSP administrators told McGuire that outdoor recreation time was being restricted because of COVID-19, emergencies, and other incidents. (*Id.* at 44.) McGuire sued in this Court, arguing that officials' refusal to give him outdoor recreation constituted cruel and unusual punishment and that officials deprived him of

2

outdoor recreation time without due process of law. (*See* ECF No. 3.)

## II. PROCEDURAL HISTORY

After screening, the Court permitted an Eighth Amendment deliberate indifference claim against Defendants Gittere and Johnson and a Fourteenth Amendment procedural due process claim against the same Defendants. McGuire conducted discovery and moved for summary judgment. (ECF No. 33.) Defendants also moved for summary judgment. (ECF No. 43.) Magistrate Judge Baldwin issued a Report and Recommendation (R&R) that Defendants' motion be granted and McGuire's motion be denied. (ECF No. 50.) McGuire timely objected. (ECF No. 51.)

## III. LEGAL STANDARD

### A. Objections to Report and Recommendation

The Court conducts a *de novo* review of the objected-to findings and conclusions of a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); LR IB 3-2(b). The Court "may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations." LR IB 3-2(b). A district judge may exercise discretion in reviewing findings and recommendations that were not objected to. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003)

### B. Summary Judgment

Summary judgment is appropriate when the record shows "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the burden of informing the court of the basis for its motion and identifying parts of the record that show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. When deciding cross-motions for summary judgment, the Court considers each party's evidence without considering which motion provided the evidence. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011).

"Courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (citing *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)).

**IV. ANALYSIS**

McGuire, Gittere, and Johnson all seek summary judgment on McGuire's Eighth and Fourteen Amendment claims for depriving McGuire of outdoor recreation between August 2020 and June 2022.

The Court denies summary judgment with respect to McGuire's deliberate indifference claim against Defendant Johnson but grants summary judgment with respect to his deliberate indifference claim against Defendant Gittere and his procedural due process claim against both Defendants, which is not cognizable in this Court.

**A. Eighth Amendment Exercise Claim**

"[E]xercise is one of the basic human necessities protected by the Eighth Amendment." *Norbert v. City & County of San Francisco*, 10 F.4th 918, 928–29 (9th Cir. 2021) (citation and internal quotation marks omitted). "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th

1   Cir. 1996) (citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)), *amended
2   by* 135 F.3d 1318 (9th Cir. 1998); *see also Thomas v. Ponder*, 611 F.3d 1144,
3   1151–52 (9th Cir. 2010); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir.
4   2010); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005); *Lopez v. Smith*,
5   203 F.3d 1122, 1133 (9th Cir. 2000) (en banc); *Allen v. Sakai*, 48 F.3d 1082, 1087
6   (9th Cir. 1995); *Allen v. City of Honolulu*, 39 F.3d 936, 938–39 (9th Cir. 1994);
7   *LeMaire v. Maass*, 12 F.3d 1444, 1457–58 (9th Cir. 1993); *Toussaint v. Yockey*,
8   722 F.2d 1490, 1492–93 (9th Cir. 1984).

Challenges to restrictions on outdoor exercise require an objective and subjective showing like other challenges to conditions of confinement under the Eighth Amendment. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The objective showing may be met by evidence showing a prolonged deprivation of outdoor exercise to inmates confined to continuous and long-term segregation. *Keenan,* 83 F.3d at 1089; *LeMaire,* 12 F.3d at 1458. Four years without an opportunity to go outside except for "occasional court appearances, attorney interviews, and hospital appointments" meets the objective showing. *Spain,* 600 F.2d at 192, 200. One year of being confined to a cell for twenty-three-and-a-half hours a day without outdoor exercise also meets the showing. *Toussaint,* 722 F.2d at 1492-93. On the other hand, "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation," *May v. Baldwin,* 109 F.3d 557, 565 (9th Cir. 1997).

For the subjective showing of the Eighth Amendment analysis, prisoners must establish that officials were deliberately indifferent to unconstitutional conditions of confinement. *See Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). To demonstrate that deliberate indifference to a serious threat to an inmate's health, the prisoner must show that the "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; [and] the official must both

be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 846.

### 1. McGuire's 8th Amendment Claim Against Gittere

Defendant Gittere seeks summary judgment on McGuire's Eighth Amendment claim for failing to make the required objective showing of deliberate indifference. McGuire seeks summary judgment for establishing that Gittere failed to provide outdoor exercise between August 1 and August 18, 2020. (*See* ECF No. 33 at 2.)

Without aggravating facts, eighteen days without outdoor recreation is not long enough to establish an Eighth Amendment claim. *See May*, 109 F.3d at 565 (finding twenty-one days without outdoor recreation fails to establish an Eighth Amendment claim). Accordingly, McGuire cannot establish a genuine issue of fact for this claim against Defendant Gittere.

McGuire also alleges that Defendant Gittere should be held liable for these restrictions because he became the head of NDOC in 2022, at the end of the period at issue in this suit. (ECF No. 33 at 2.) While Defendant Gittere did eventually respond to one of Plaintiff's grievances in 2023, (ECF No. 48 at 46), McGuire has not provided enough facts to show that Gittere was responsible for Plaintiff not receiving outdoor recreation while at HDSP. *See Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (supervisor must be "personally involved in the constitutional deprivation").

Accordingly, the Court adopts the R&R's recommendation to grant summary judgment to Defendant Gittere.

### 2. McGuire's 8th Amendment Claim Against Johnson

Defendant Johnson also seeks summary judgment on McGuire's Eighth Amendment claim for failing to provide McGuire opportunities to exercise at HDSP. McGuire also seeks summary judgment on this claim. Because disputed

6

material facts exist, summary judgment is not appropriate for either party.

Summary judgment in favor of McGuire is inappropriate because Defendants have put forward sworn testimony that McGuire received out-of-cell time every day and outdoor yard time for at least two hours a week during the period in question. (ECF No. 43-4.) Viewed in the light most favorable to Defendant Johnson, this would allow a reasonable juror to find that McGuire received sufficient outdoor recreation.

Summary judgment in favor of Defendant Johnson is also inappropriate. McGuire put forward sworn testimony that he received substantially less outdoor recreation time than Defendants attest, which creates a material dispute of fact for the objective prong of his Eighth Amendment claim. McGuire has also provided enough facts to dispute for the subjective prong of his claim.

### i. Objective Prong

Prolonged deprivation of outdoor exercise meets the objective showing of an Eighth Amendment deliberate indifference claim. *Keenan*, 83 F.3d at 1089. McGuire provided evidence through testimony and grievances that between August and October 2020, officials at HDSP did not provide him any outdoor recreation. (ECF No. 48 at 40.) He also provided evidence that between October 2020 and June 2022, he went several weeks without being permitted outdoor exercise, and at other times received only one or, at most, two hours per week of outdoor exercise. (*Id.* at 3.) These facts suffice to show a genuine issue of fact on the objective prong.

Defendants argue that *Norbert v. City and County of San Francisco* precludes McGuire from showing objective harm if he is able "to exercise inside his cell or in jail common areas." (ECF No. 43 at 8 (quoting *Norbert*, 10 F.4th at 932).) *Norbert* held that "the constitutionality of conditions for inmate exercise must be evaluated based on the full extent of the available recreational opportunities." *Norbert*, 10 F.4th at 930. In that case, administrative segregation

7

inmates received "at least one hour of recreation time seven days a week" between "the day room and gym." *Id.* at 934. McGuire's circumstances more closely align to those in *Toussaint*, where inmates were confined to their cells for twenty-three-and-a-half hours a day for over one year. *Toussaint*, 722 F.2d at 1492-93. McGuire provides testimony that between August 2020 to June 2022, he was in his cell for at least twenty-three hours a day (ECF No. 33 at 9; ECF No. 48 at 21), that he was not permitted to use the gym or do exercise while on tier-time at HDSP (ECF No. 53 at 2), and that heat and lack of air-conditioning made his cell unusable for exercise for at least one summer (ECF No. 33 at 9). *Norbert* does not preclude McGuire's claim.

### ii.     **Subjective Prong**

Defendants next argue that McGuire cannot show that Defendant Johnson was deliberately indifferent because restrictions on outdoor recreation were justified. Defendants claim that because of "COVID-19, incidences, or other emergency situations," restrictions on outdoor exercise at HDSP were reasonable. (ECF No. 43 at 10.) While prison officials may restrict outdoor exercise because of weather, unusual circumstances, or disciplinary needs, "[t]he cost or inconvenience of providing adequate [exercise] facilities is not a defense to the imposition of a cruel punishment." *Spain*, 600 F.2d at 199–200. Additionally, in cases where a genuine emergency justifies restricting outdoor recreation, Defendants must provide evidence of the circumstances that give rise to the emergency. *See Hayward v. Procunier*, 629 F.2d 599, 603 (9th Cir. 1980) (outdoor exercise restricted after two murders on the yard and permitted "within a month after the lockdown began"); *Norwood v. Vance*, 591 F.3d 1062, 1070 (9th Cir. 2010) (lockdown justified due to detailed record showing that a "great deal of violence took place during outdoor exercise").

McGuire responds with evidence of alternatives to open yard that would have avoided risks like COVID transmission or violence. According to Defendant

8

Johnson, HDSP has had outdoor "recreational cages" since 2016 that "give offenders recreational time if a substantial lockdown were to occur." (ECF No. 48 at 33–34, 35.) McGuire testified that he was not provided access to these cages between August 2020 and June 2022. (*See* ECF Nos. 33, 48.) Defendants have not provided specific evidence of the emergencies that prevented them from providing inmates like McGuire access to outdoor recreation generally or the cages specifically. (*See* ECF No. 43; ECF No. 48 at 34.) This is enough to create a genuine dispute of material fact regarding Defendants' deliberate indifference.

Defendants also argue that McGuire has failed to show that Johnson was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that Johnson also drew that inference. *Farmer*, 511 U.S. at 846. McGuire provided evidence of a grievance filed in October 2020 and appealed which showed that he had gone without outdoor recreation and "not even access to the segregation cages." (ECF No. 48 at 40.) Defendant Johnson denied and responded to the first-level grievance in July 2021. (ECF No. 43-5 at 30.) This is enough to satisfy the subjective prong.

### iii.  **Qualified Immunity**

Defendants also seek summary judgment under the qualified immunity doctrine. Qualified immunity does not apply when "the evidence viewed in the light most favorable to the plaintiff is sufficient to show a violation of a constitutional right" and when "that right was clearly established at the time of the violation." *Sandoval*, 985 F.3d at 671. McGuire provided sufficient facts to find a constitutional violation. *See supra* IV.A.2. In 2020, when McGuire's claim began, Ninth Circuit case law had clearly established that deprivation of outdoor exercise for prolonged periods of time constituted an objectively serious deprivation under the Eighth Amendment. *See Spain,* 600 F.2d 189 at 199; *LeMaire,* 12 F.3d at 1457; *Allen,* 40 F.3d at 1001. Accordingly, Defendant Johnson is not entitled to qualified immunity on this claim.

**B. Deprivation of Exercise as Procedural Due Process Violation**

Both parties seek summary judgment on McGuire's claim that officials provided insufficient process when depriving him of outdoor recreation time. Defendants understand McGuire's claim to be about insufficient process in being assigned to a housing classification or disciplinary segregation. (ECF No. 43 at 13.) The R&R correctly found that McGuire received adequate process in his housing assignment and placements in administrative segregation, but because it found that McGuire was not deprived of outdoor recreation, it did not address the rest of McGuire's argument. (ECF No. 50 at 12–13.) McGuire objected, arguing that he did not receive adequate process when Defendants deprived him of outdoor recreation time. (ECF No. 48 at 3.)

An inmate may not bring a procedural due process claim arising out of an intentional, unauthorized deprivation of liberty by prison officials if a meaningful post-deprivation remedy is available in state court. *Zinermon v. Burch*, 494 U.S. 113, 131–32 (1990). In situations where prison employees pursue "random, unauthorized" conduct, like destroying an inmate's legal papers, *see Hudson v. Palmer*, there is no procedural due process claim if a post-deprivation remedy exists in state court. 468 U.S. 517, 534–35; *see also Whitley v. Albers*, 475 U.S. 312, 326 (1986) (being shot during prison riot does not give rise to procedural due process violation).

McGuire claims that he was denied five hours per week of outdoor recreation time mentioned in NRS 209.369(5)(b)(5) for pretextual reasons like emergencies, COVID, and security. (ECF No. 48 at 9, 12). This is the sort of unauthorized conduct that employees could use "despite any . . . predeprivation safeguards," like the hearing McGuire requests. *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1226 (9th Cir. 2021).

McGuire points to *Bass v. Perrin* to support his procedural due process claim, but *Bass* is about an *authorized* deprivation of liberty. 170 F.3d 1312,

1318 (11th Cir. 1999). In *Bass*, inmates challenged the "Yard Suspension List" (YSL), an official program developed by policymakers to deprive inmates of outdoor recreation time. *Id.* Viewed in the light most favorable to McGuire, the evidence here shows officials depriving McGuire of outdoor recreation time on an *ad hoc* basis, not under an NDOC policy or disciplinary procedure.

Rather than seek additional process from this Court, McGuire must seek or show the absence of a post-deprivation remedy in state court, which would require him to sue the relevant officials or NDOC under state tort law or the Nevada Constitution. *Miranda*, 15 F.4th at 1227–28; *see e.g., Mack v. Williams*, 522 P.3d 434, 449 (2022) (describing self-executing damages remedies against NDOC under the Nevada Constitution).

Accordingly, the Court adopts the R&R's recommendation to grant summary judgment to Defendants on McGuire's procedural due process claims.

## IV. CONCLUSION

It is ordered that Magistrate Judge Baldwin's Report and Recommendation (ECF No. 50) is adopted in part and denied in part.

It is further ordered that Plaintiff's objection is granted in part and denied in part (ECF No. 51).

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 33) is denied.

It is further ordered that Defendants' order for summary judgment (ECF No. 43) is granted in part and denied in part. Plaintiff's Eighth Amendment claim against Defendant Johnson may proceed, and the Court orders summary judgment on all other claims in favor of Defendants.

DATED THIS 21st day of February, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE